**SIGNAL DELIVERY SERVICE, INC., Plaintiff,**

v.

**GENERAL TEAMSTERS, CHAUFFEURS AND HELPERS LOCAL NO. 249 a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

Civ. A. No. 76–1625.

United States District Court, W. D. Pennsylvania.

May 26, 1977.

Henry M. Wick, Jr., Wick, Vuono & La Velle, Pittsburgh, Pa., for plaintiff.

Thomas W. Brown, Jubelirer, McKay, Pass & Intrieri, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

This is an action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to vacate a labor arbitration award. Plaintiff and defendant have both moved for summary judgment pursuant to Fed.R.Civ.P. 56. The issue to be decided is whether an arbitration decision rendered in favor of Local 249 grievant, Edward Emery meets the "essence test" enunciated in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

■ The dispute arose on September 15, 1976 when Emery was part of a three-man crew who took an excessively long break. Emery was discharged because this was his third offense for theft of time and the contract expressly provided for a discharge penalty.[1] The Union grieved Emery's discharge which resulted in his reinstatement with back pay. The relevant provision of the collective bargaining agreement is Article IV, Section (h):

Drivers Are Responsible at all times for the direction and supervision of helpers who may be assigned to them. Drivers and helpers are equally responsible in cases of hanging out and loafing on delivery routes.

Whether arbitrator Peter Florey interpreted or disregarded Article IV, Section (h) in arriving at his decision will be dispositive of the outcome of this controversy.

The "essence test" of *Enterprise Wheel and Car Corp., supra,* is as follows:

"An arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement."

The Third Circuit Court of Appeals, speaking through Judge Aldisert, further elaborated on the *Enterprise, supra* doctrine of judicial restraint:

"At the very least . . . [the "essence test"] means that the interpretation of labor arbitrators must not be disturbed so long as they are not in 'manifest disregard' of the law, and that 'whether the arbitrators misconstrued a contract' does not open the award to judicial review." *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969).

The boundary line between misconstruction of a collective bargaining agreement and "manifest disregard" of such agreement is not easily ascertainable. In attempting to locate the cross-over point from misconstruction to disregard, examination of the agreement's language, context, and other indicia of the parties' intention is warranted. See *Ludwig Honold Mfg. Co. v. Fletcher, supra at 1128.* This Court expressly adopted a similar totality of circumstances approach in *General Teamsters, Chauffeurs and Helpers, Local Union No. 249 v. Potter-McCune Company,* 412 F.Supp. 8 (1976):

"The Court accepts as true the union's contention that there is present in this case a refusal to enforce the literal terms of the contract. Standing alone, however, that refusal is not fatal to the instant award, for the 'essence test' calls for an inquiry both less restrictive and less facile than the simple comparison of award and literal contract terms urged by the union. Indeed, a standard involving no more than that strict comparison would not only reduce the arbitrator to a mere cipher, approaching his task blinded to all save the express terms of the contract and stripped of the opportunity to utilize his special knowledge of the shop

---

1. Article V, Section 5 provides: (5) Driving Schedules: (a) Unnecessary delaying of load or equipment (Theft of Time)

First Offense 1 Week suspension
Second Offense 2 Weeks suspension
Third Offense Discharge

and the industry, it would also obviate the need for anything like the 'essence test.'"

■ Assuming *arguendo* that the arbitrator misconstrued the spirit and intent of Article IV, Section (h), an examination of all the evidence and circumstances of the arbitration award fails to reveal a manifest disregard for the essence of the collective bargaining agreement.[2] Arbitrator Florey interpreted the first sentence of Section (h) to mean that drivers are responsible for the acts of their helpers much as a principal is responsible for the acts of his agent. He interpreted the second sentence of Article IV, Section (h) to mean that drivers and helpers are each responsible for their *own* acts.[3] The purpose of the second sentence would be to make clear that although drivers are responsible for the acts of their helpers under sentence one, the helpers are still responsible for their own acts. In other words, sentence two indicates that drivers are not *exclusively* responsible for acts of their work crew. Since the arbitrator found that Emery was not hanging out or loafing because he was restricted in returning to work by the dereliction of the driver and other helper, his conduct did not come within the ambit of the co-responsibility clause of sentence two. Co-responsibility does not impose liability upon a helper for acts of the driver or other helper.

Whether or not such an interpretation is wise or prudent is not to be decided in this forum. Following the standard formulated in *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (1969) we hold that the arbitrator's award does draw its essence from the collective bargaining agreement because the arbitrator's interpretation can rationally be derived from the agreement, viewed in the light of its language and context. The parties bargained for Arbitrator Florey's interpretation of the collective bargaining agreement—having received that interpretation our inquiry is foreclosed as to reasonableness.

ORDER

AND NOW, to-wit, this 26th day of May, 1977, in accordance with the foregoing Opinion, IT IS ORDERED that the plaintiff's motion for summary judgment be and the same is hereby denied and that defendants' motion for summary judgment be and the same is hereby granted.

---

**2.** Plaintiff's brief places great emphasis on the fact that the arbitrator held Article IV, Section (h) to be "unreasonable." However, the arbitration award merely held a literal reading of the Section to be an unreasonable interpretation of such Section. There is no express holding that the Section itself is to be disregarded. By giving effect to "the realities and practicalities of life," the arbitrator was using a tool sanctioned by this Court in *Potter-McCune, supra,* to arrive at an interpretation of the collective bargaining agreement.

**3.** The arbitration award at paragraph 16 states: This finding requires a critical examination of the previously quoted language of Article IV, Sec. (h). Its intent is reasonably clear. The first sentence makes the driver responsible if he does not take effective action in supervising the crew, and the second sentence makes him even responsible for loafing of the helpers. At the same time, helpers cannot defend their hanging out on the ground that it had the sanction and participation of the driver.