**PEREZ, John T., Appellant,**

v.

**DANA CORPORATION, PARISH FRAME DIVISION and United Steelworkers of America, Local Union No. 3733.**

No. 82–1547.

United States Court of Appeals, Third Circuit.

Argued June 13, 1983.
Decided Sept. 28, 1983.

**582**

Louis M. Shucker (argued), Central Pennsylvania Legal Services, Reading, Pa., for appellant.

Richard E. Lieberman (argued), Georgeanne H. Tilson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., and Kurt H. Decker, Stevens & Lee, Reading, Pa., for appellee Dana Corp.

Richard J. Brean, Asst. General Counsel, United Steelworkers of America (argued), Pittsburgh, Pa., and Joseph Lurie, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for appellee United Steelworkers of America, Local Union No. 3733.

Before HUNTER and HIGGINBOTHAM, Circuit Judges, and ZIEGLER,* District Judge.

### OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Under section 301 of the National Labor-Management Relations Act of 1947 ("the NLMRA"),[1] an individual employee may bring an action charging his employer with breach of the collective bargaining agreement, and his union with violating its duty of fair representation in mishandling the ensuing grievance. *Vaca v. Sipes,* 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–915, 17 L.Ed.2d 842 (1967); *see Hines v. Anchor Motor Freight,* 424 U.S. 554, 567, 96 S.Ct.

---

* Honorable Donald E. Ziegler, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. 29 U.S.C. § 185(a) (1976). Section 301(a) states:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (1976).

1048, 1057–1058, 47 L.Ed.2d 231 (1976). Neither section 301 nor any other section of the NLRMA expressly designates the statute of limitations applicable to such *Vaca-Hines* actions.

Appellant John T. Perez brought this *Vaca-Hines* suit against appellees Dana Corporation, Parish Frame Division ("the Company") and United Steelworkers of America, Local Union No. 3733 ("the Union"). Perez alleged that the Company breached the collective bargaining agreement by discharging him, and that the Union violated its duty of fair representation by failing to pursue his grievance. The district court held that *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), applied retroactively, and that Perez's claims were barred by the thus-applicable Pennsylvania statute of limitations for vacation of arbitration awards. *Perez v. Dana Corp.,* 545 F.Supp. 950 (E.D. Pa.1982). Perez now appeals.

We hold that *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), decided subsequent to *Mitchell* and during the pendency of this appeal, applies retroactively. Perez's claims are thus barred by the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act ("the NLRA"), 29 U.S.C. § 160 (1976). We will affirm on those grounds.

## I

On September 12, 1979, Perez got into a brawl with a co-worker at the Company's Reading, Pennsylvania facility. The Company suspended Perez pending determination of the appropriate penalty. Seeking to reverse the suspension, Perez filed a grievance pursuant to the applicable provisions of the collective bargaining agreement. A hearing on the grievance was held on September 27, 1979. On October 2, 1979, the Company converted the suspension into a discharge. On October 5, 1979, the Union informed Perez that it would not take his grievance to arbitration. Perez states that his cause of action against the Company and the Union arose "on or about October 5, 1979." Amended Brief of Appellant at xiii.

On September 10, 1980, this court decided *Liotta v. National Forge Co.,* 629 F.2d 903 (3d Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). In *Liotta* we stated that the timeliness of a section 301 suit was determined by reference to the appropriate state statute of limitations. We then determined that the appropriate state statute of limitations for an employee's *Vaca-Hines* suit against his Pennsylvania employer was the three-month limitations period for vacation of an arbitrator's award contained in section 13 of the Pennsylvania General Arbitration Act, Pa.Stat. Ann. tit. 5, § 173 (Purdon 1963). 629 F.2d at 905.[2]

Responding to the conflict in the circuits created by *Liotta,* the Supreme Court on April 20, 1981, decided *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). The Court agreed that the state cause of action most analogous to an employee's *Vaca-Hines* suit against his employer was an action to vacate an arbitration award. *Id.* at 62, 101 S.Ct. at 1563–1564. The Court held, therefore, that the employee's suit was governed by the state's ninety-day limitations periods for vacation of arbitration awards. *Id.* at 64, 101 S.Ct. at 1564–1565. Because the parties' arguments and the grant of certiorari had been confined to the choice among state statutes of limitations, the Court declined to consider the argument of an amicus that it should apply the six-month limitations period for unfair labor practice charges contained in section 10(b) of the NLRA. *Id.* at 60 n. 2, 101 S.Ct. at 1562–1563 n. 2.

---

**2.** On October 5, 1980, Pennsylvania repealed the General Arbitration Act and enacted in its stead the Uniform Arbitration Act, 42 Pa.Cons. Stat.Ann. §§ 7301–7341 (Purdon 1982), which requires that a party apply for vacation of an arbitration award within thirty days, *id.*

§ 7314(b). 1980 Pa.Laws No. 142 § 501(a). We subsequently held that the 30-day limitations period governed an employee's *Vaca-Hines* action against his employer and union. *Fedor v. Hygrade Food Products Corp.,* 687 F.2d 8, 9 (3d Cir.1982) (per curiam).

On September 18, 1981, twenty-three months after his cause of action arose, Perez filed suit against the Company and the Union in the United States District Court for the Eastern District of Pennsylvania. In his complaint Perez alleged that his discharge violated the penalty provisions of the collective bargaining agreement. Perez also alleged that the Union violated its duty of fair representation by refusing to represent him in the initial grievance hearings or carry his grievance to the arbitration stage.[3] In its answer the Union asserted that Perez's claims were barred because his suit was brought outside the limitations period established by section 10(b) of the NLRA. The Company filed a motion to dismiss on the grounds that Perez had failed to file his suit either within the limitations period of section 10(b) or of the Pennsylvania statute of limitations for actions to vacate arbitrator's awards. The Union then moved for summary judgment based on Perez's failure to bring suit within either limitations period.

On August 13, 1982, the district court granted the Company's motion to dismiss and the Union's motion for summary judgment. 545 F.Supp. at 951. The court stated that the Supreme Court in *Mitchell* had held that such section 301 actions were governed by the state statute of limitations for actions to vacate arbitration awards. Applying the test set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the court determined that *Mitchell* should be applied retroactively. Because Perez had failed to file his suit within the Pennsylvania statute of limitations for actions to vacate arbitration awards, the district court held that Perez's claims were time-barred.

Perez filed a notice of appeal to this court on September 13, 1982. While that appeal was pending the Supreme Court decided *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which addressed the argument that the Court had left unconsidered in *Mitchell.* The Supreme Court held that the most apt analogy for an employee's *Vaca-Hines* suit against an employer and a union was to the six-month statute of limitations set forth in section 10(b) of the NLRA, and not to any state statute of limitations. The Court concluded that section 10(b) "should be the applicable statute of limitations governing the suit, both against the employer and against the union." *Id.* at 2285.

## II

As a general rule an appellate court must apply the law in effect at the time it renders its decision. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981); *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801); *Behring International v. Imperial Iranian Air Force,* 699 F.2d 657, 665–66 (3d Cir.1983). Perez's *Vaca-Hines* suit against his employer and his union is indistinguishable from the suits involved in *DelCostello.* Consequently, if *DelCostello* applies retroactively, section 10(b)'s six-month statute of limitations, rather than any state statute of limitations, applies to bar Perez's claims.

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), sets forth three factors that we must consider to determine whether a civil statute of limitations applies retroactively.[4] *See Marino v.*

---

**3.** In addition, Perez alleged that both the Company and the Union had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1976 & Supp. IV 1980). The district court held that Perez's failure to file a charge with the Equal Employment Opportunity Commission precluded consideration of the Title VII claim. Perez does not appeal that determination.

**4.** *Service Employees Int'l Union, Local No. 36 v. Office Center Services,* 670 F.2d 404, 412–13 (3d Cir.1982); *accord Pitts v. Frito-Lay, Inc.,* 700 F.2d 330, 332 (6th Cir.1983); *Occhino v. United States,* 686 F.2d 1302, 1308 & n. 7 (8th Cir.1982); *Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349, 1353 (9th Cir.1981); *Wachovia Bank & Trust Co. v. National Student Mktg. Corp.,* 650 F.2d 342, 346 (D.C.Cir.1980), *cert. denied,* 452 U.S. 954, 101 S.Ct. 3098, 69 L.Ed.2d 965 (1981); *see Northern Pipeline Constr. Co. v.*

*Bowers,* 657 F.2d 1363, 1365 (3d Cir.1982) (en banc). First, we must determine whether the decision establishes "a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Second, we must look to the prior history of the decision in question, and to its purpose and effect, to ascertain "whether retrospective operation will further or retard its operation." *Id.* at 106–07, 92 S.Ct. at 355–356 (quoting *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965)); *Marino v. Bowers,* 657 F.2d 1363, 1365 (3d Cir.1982). Third, we must weigh "the inequity imposed by retroactive application." *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355.

### A. The Change from Prior Law

■ To determine whether *DelCostello* established a new principle of law by overruling clear past precedent or deciding an issue of first impression, we must compare *DelCostello* with prior law. If *DelCostello* wrought "such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one" on which Perez had relied, retroactive application may be inappropriate. *Hanover Shoe v. United Shoe Machinery Corp.,* 392

U.S. 481, 498, 88 S.Ct. 2224, 2234, 20 L.Ed.2d 1231 (1968); *see Service Employees International Union, Local No. 36 v. Office Center Services,* 670 F.2d 404, 413 (3d Cir.1982) (requiring "a newly announced and wholly unanticipated statute of limitations"). If, on the other hand, the statute of limitations question had been decided "erratically and inconsistently" under prior law, *Bronze Shields, Inc. v. New Jersey Department of Civil Service,* 667 F.2d 1074, 1085 (3d Cir. 1981), *cert. denied,* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982), or had been heralded in some if not most of the decisions, *Service Employees,* 670 F.2d at 414, then it could not be said that the decision established a new principle of law. With those benchmarks in mind, we turn to the prior law.[5]

When Perez's cause of action arose, there was no clear past precedent on which Perez could reasonably rely in waiting twenty-three months to file his suit. The Supreme Court had not determined the statute of limitations applicable to *Vaca-Hines* actions. In *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court had considered the limitations period for a different type of section 301 action,[6] and had stated "that the timeliness of a § 301 suit, such as the present one, is to be determined, as a matter of federal law, by reference to the ap-

---

Marathon Pipe Line Co., 458 U.S. 50, 87, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982) (plurality opinion); *id.* at 2882 (Rehnquist, J., concurring); *Marino v. Bowers,* 657 F.2d 1363, 1365 (3d Cir.1982) (en banc); *cf. Behring International,* 699 F.2d at 666 n. 6 (distinguishing *Chevron* ).

**5.** The parties disagree as to what prior law we should consider. The Company and the Union argue that we must look to the state of the law at the time of the ruling that allegedly changed prior law, here *DelCostello. See Marino,* 657 F.2d at 1367. Perez asserts that we must look at the law as it existed at the time that his cause of action arose. *See Wachovia Bank & Trust Co. v. National Student Mktg. Corp.,* 650 F.2d 342, 347–48 (D.C.Cir.1980), *cert. denied,* 452 U.S. 954, 101 S.Ct. 3098, 69 L.Ed.2d 965 (1981). The issue arises because both *Liotta* and *Mitchell* were decided between the accrual of Perez's cause of action and the Supreme Court's ruling in *DelCostello.* We need not

decide the issue, because we hold that *DelCostello* applies retroactively whether or not *Liotta* and *Mitchell* are considered part of the prior law.

**6.** *Hoosier Cardinal* involved an action by a union against an employer for damages caused by the employer's alleged breach of the collective bargaining agreement. The Court noted that "[s]uch an action closely resembles an action for breach of contract cognizable at common law." 383 U.S. at 705 n. 7, 86 S.Ct. at 1113 n. 7. Accordingly, the Court found the action governed by a six-year state limitation on actions based on oral contracts. *Id.* at 705–07, 86 S.Ct. at 1113–1114. Unlike *Vaca-Hines* actions, such "a straightforward breach of contract suit under § 301" did not seek to overturn an arbitrator's award or otherwise challenge the private settlement of disputes. *DelCostello,* 103 S.Ct. at 2291; *see Mitchell,* 451 U.S. at 63 n. 5, 101 S.Ct. at 1564 n. 5.

propriate state statute of limitations." *Id.* at 704–05, 86 S.Ct. at 1113. Nevertheless, the Court expressly noted that it was not required to decide "[w]hether other § 301 suits different from the present one might call for the application of other rules of timeliness," and that it indicated "no view whatsoever on that question." *Id.* at 705 n. 7, 86 S.Ct. at 1113 n. 7.

In *Falsetti v. Local Union No. 2026, UMW,* 355 F.2d 658 (3d Cir.1966), this court too had declined to decide the question of the limitations period for *Vaca-Hines* actions. The district court in that case had barred an employee's claims against his Pennsylvania employer and union, adopting Pennsylvania's six-year statute of limitations for personal actions, Pa.Stat.Ann. tit. 12, § 31 (Purdon 1953) (repealed). *Falsetti v. Local Union No. 2026, UMW,* 249 F.Supp. 970, 972 (W.D.Pa.1965), *aff'd on other grounds,* 355 F.2d 658 (3d Cir.1966). We noted that there was much support in favor of the district court's use of the state statute. We then stated:

> It may well be, however, that at least in a case such as this, where the facts were susceptible of triggering National Labor Relations Board action on unfair labor practice grounds, that the state statute of limitations would cause undesirably lingering litigation in light of the six-

months federal statute of limitations governing unfair labor practices.

*Falsetti,* 355 F.2d at 662 (referring to section 10(b) of the NLRA, 29 U.S.C. § 160(b) (1976)). Finding the employee's claims barred under either the six-year state limitations period or the shorter federal limitations period, we declined to decide which statute of limitations applied.

When his cause of action accrued, Perez was thus faced with case law in this circuit which, though leaving the issue open, foreshadowed *DelCostello's* application of section 10(b)'s limitations period to *Vaca-Hines* actions. Perez contends nonetheless that the law in other circuits, and in the district courts, justified his delay of twenty-three months in filing his complaint. We find, however, that such case law decided the issue of the applicable statute of limitations erratically and inconsistently. Although other circuits had read *Hoosier Cardinal* as requiring the use of state statutes of limitations, their attempts to find state analogies had been so diverse and conflicting as to create "a legally chaotic situation," *Lawson v. Truck Drivers Local Union 100,* 698 F.2d 250, 254 (6th Cir.1983); *see Howard v. Aluminum Workers International Union,* 589 F.2d 771, 773 (4th Cir.1978).[7] As a result the circuits had applied statutes of limitations ranging from one to six years.[8] Understandably, the district courts in this cir-

---

**7.** The circuits could not agree on whether the same statute of limitations governed both the action against the employer and the action against the union. *Compare Smart v. Ellis Trucking Co.,* 580 F.2d 215, 217, 219 (6th Cir. 1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979); *Butler v. Local Union No. 823, Int'l Bd. of Teamsters,* 514 F.2d 442, 447–48 (8th Cir.1975), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Kennedy v. Wheeling-Pittsburgh Steel Corp.,* 81 L.R.R.M. 2349, 69 CCH Labor Cases ¶ 12,980 (4th Cir.1972); *and Abrams v. Carrier Corp.,* 434 F.2d 1234, 1252 (2d Cir.1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971) (applying same limitations period), *with Sanderson v. Ford Motor Co.,* 483 F.2d 102, 114 (5th Cir.1973) *and de Arroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281, 285–87 (1st Cir.1970), *cert. denied,* 400 U.S. 877, 91 S.Ct. 121, 27 L.Ed.2d 115 (1970) (applying different limitations periods). The circuits also could not agree whether to characterize the

action against the union as a contract claim, *Butler,* 514 F.2d at 447–48; *Kennedy,* 81 L.R. R.M. at 2349; *Abrams,* 434 F.2d at 1252–53, as a tort claim, *Smart,* 580 F.2d at 217 & n. 1; *Sanderson,* 483 F.2d at 114; *de Arroyo,* 425 F.2d at 285–87, or as a claim based on a statute, *Gray v. International Ass'n of Heat & Frost Insulators, Local No. 51,* 416 F.2d 313, 316 (6th Cir.1969). Similarly, the circuits differed on whether to characterize the suit against the employer as based on tort, *Smart,* 580 F.2d at 219, written contract, *Butler,* 514 F.2d at 446– 47 & n. 3, or oral contract, *Kennedy,* 81 L.R. R.M. at 2349; *see also Abrams,* 434 F.2d at 1252–53 (based on contract express or implied).

**8.** *Smart,* 580 F.2d 217, 219 (three years); *Butler,* 514 F.2d at 446, 448 (five years); *Sanderson,* 483 F.2d at 114 (one year for union); *Kennedy,* 81 L.R.R.M. at 2350 (five years); *Abrams,* 434 F.2d at 1252–53 (six years); *de Arroyo,* 425 F.2d at 287 (one year for union); *Gray,* 416 F.2d at 316 (five years).

cuit found that the appropriate limitations period "has been the subject of considerable controversy," *Fannie v. Chamberlain Manufacturing Corp.*, 445 F.Supp. 65, 76–77 (W.D.Pa.1977), and that the decisions were "anything but uniform." *Tuma v. American Can Co.*, 367 F.Supp. 1178, 1183 (D.N.J. 1973). The district courts, too, chose to apply state statutes of limitations, but did so by finding such analogies required under *Hoosier Cardinal* and *Falsetti*.[9] Given the erratic and conflicting nature of the existing precedent, and our intimation in *Falsetti* that section 10(b) might apply, we believe that "[r]eliance on such an uncertain [case law] to delay filing ... was not reasonable." *Bronze Shields*, 667 F.2d at 1085.

If we consider the evolution of the law between the date Perez's cause of action arose and the date he filed suit, we reach the same conclusion. During that interim period both this court in *Liotta* and the Supreme Court in *Mitchell* decided that an employee's *Vaca-Hines* suit against his employer was governed not by state contract statutes of limitations but by state statutes of limitations for the vacation of arbitration awards. *Mitchell*, 451 U.S. at 62–63, 101 S.Ct. at 1563–1564; *Liotta*, 629 F.2d at 905. In each case, the applicable state statute of limitations was only ninety days. Perez obviously could not have relied on those cases in waiting twenty-three months to file his suit. Even if *DelCostello* constituted a clean break from the positions taken in those cases, therefore, it did not overrule past precedent on which Perez may have relied. Indeed, if *DelCostello*, rather than *Liotta* and *Mitchell*, is retroactively applied, a *longer*, six-month statute of limitations applies to Perez's *Vaca-Hines* action.

We conclude that Perez has not made the "threshold" showing that *DelCostello* established a new principle of law so as to bar its retroactive application to Perez's claim. *Brown v. United States*, 508 F.2d 618, 622 (3d Cir.1974), *cert. denied*, 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684 (1975); *accord Service Employees*, 670 F.2d at 413. At the time Perez's cause of action accrued, both this court and the Supreme Court had left open the possibility that *Vaca-Hines* actions would be governed by a shorter statute of limitations than the six-year contract statutes involved in each case. Indeed, *Falsetti* had foreshadowed the application of section 10(b)'s six-month limitations period to such actions. Although the case law in the other courts of appeals and in the district courts applied state statutes of limitations, that case law was confused and divided, and thus provided no clear past precedent on which Perez could have relied. Finally, we note that Perez could not have relied on *Liotta* and *Mitchell* in delaying his suit.

### B. The Purpose of the DelCostello Ruling

We next examine whether retrospective operation of the Supreme Court's ruling in *DelCostello* "will further or retard its operation." *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355–356. The Court has expressed three purposes underlying the *DelCostello* rule. First, the Court cited "the need for uniformity" as one reason for rejecting the borrowing of diverse state statutes of limitations. *DelCostello*, 103 S.Ct. at 2294 (quoting *Mitchell*, 451 U.S. at 70, 101 S.Ct. at 1567–1568 (Stewart, J., concurring in the judgment)); *see id.* at 2289. Second, the Court emphasized that state statutes of limitations for the vacation of arbitration awards, which *Mitchell* had held applicable,

**9.** The courts in *Fannie* and in *Gainey v. Brotherhood of Ry. & S.S. Clerks*, 275 F.Supp. 292 (E.D.Pa.1967), *aff'd on other grounds*, 406 F.2d 744 (3d Cir.1968), *cert. denied*, 394 U.S. 998, 89 S.Ct. 1590, 22 L.Ed.2d 775 (1969), chose to follow the *Falsetti* district court and apply Pennsylvania's six-year statute of limitations for contract actions. *Fannie*, 445 F.Supp. at 76–77; *Gainey*, 275 F.Supp. at 306; *accord International Union of Elec. Workers v. Westinghouse Elec. Corp.*, 455 F.Supp. 392, 396 (W.D.Pa.1978) (dicta). In *Tuma* the court rejected the application of § 10(b)'s limitations period, finding that *Hoosier Cardinal* had foreclosed any federal limitations period. 367 F.Supp. at 1183. The *Tuma* court then chose to apply the six-year New Jersey limitations period for contract and tortious injury to property. 367 F.Supp. at 1183–85; *accord Bruen v. Local 492, Int'l Union of Elec. Workers*, 313 F.Supp. 387, 389–90 (D.N.J.1969) (dicta).

typically provide very short limitations periods, and thus failed "to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights." *Id.* at 2291. Third, the Court reaffirmed that federal labor law favored "the relatively rapid final resolution of labor disputes," and rejected the adoption of long limitations periods which would allow grievance and arbitration decisions to be called into question long after the fact. *Id.* at 2292–93; *see Mitchell,* 451 U.S. at 63–64, 101 S.Ct. at 1564–1565. The Court concluded that the six-month limitations period of section 10(b) was best attuned to "the proper balance between the national interest in stable bargaining relationships and finality of private settlement, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system." *Del-Costello,* 103 S.Ct. at 2294 (quoting *Mitchell,* 451 U.S. at 70–71, 101 S.Ct. at 1567–1568 (Stewart, J., concurring in the judgment)).

We believe that that balance is best struck if *DelCostello* is applied retroactively. Given the uncertainty that has characterized the borrowing of state statutes of limitations for *Vaca-Hines* actions, simple application of section 10(b)'s statute of limitations will serve to increase the uniformity of treatment among similar claims. More important, the imposition of the six-month limitations period will promote the finality of grievance-arbitration decisions and prevent the belated raising of claims after years have passed. Finally, the retrospective application of section 10(b) will not undermine the goal of providing adequate opportunity for the employee to vindicate his rights, for the Court has determined, in effect, that six months is long enough. We thus find that the second *Chevron* factor counsels in favor of retroactivity.

### C. *The Equities of Retroactive Application*

Finally, we must consider whether application of *DelCostello* to Perez's suit would be inequitable. In *Chevron,* the Court noted the harshness of applying a statute of limitations retroactively to deprive a plaintiff of any remedy whatsoever. 404 U.S. at

107–08, 92 S.Ct. at 355–356. *Id.* at 108, 92 S.Ct. at 356. In *Chevron,* however, the superseding legal doctrine "was quite unforeseeable." *Id.* at 108, 92 S.Ct. at 356. The change of law in that case arose after the case had proceeded through a year of costly discovery, whereas Perez's suit was successfully challenged at the outset as untimely. Finally, the timing of Perez's suit indicates anything but a zealous effort to safeguard his cause of action. After the *Liotta* decision announced that *Vaca-Hines* claims against Pennsylvania employers were governed by that state's ninety-day statute of limitations for vacation of arbitration awards, Perez did not file suit within ninety days; instead he waited over a year to act. Similarly, when the Supreme Court reached the same conclusion in *Mitchell,* Perez did not act within ninety days; he filed suit five months later. Where a party gives such indications that he is sleeping on his rights, it is not inequitable to apply the statute of limitations retroactively to bar his claim.

### III

After examining the three *Chevron* factors, we conclude that, under the facts of this case, *DelCostello* should be applied retroactively to bar Perez's claim. Perez fails to establish that *DelCostello* overruled clear precedent on which he may have relied, or decided a matter of first impression. Equally important, we find that the purpose of the *DelCostello* rule, and the equities of this case, impel retroactive application of that decision.

Consequently, the judgment of the district court will be affirmed.