Joan **TASCHNER**

v.

James **HILL, et al.**

Civ. A. No. 83–4632.

United States District Court,
E.D. Pennsylvania.

March 26, 1984.

Joan Duncan Brown, Norristown, Pa., for plaintiff.

Thomas H. Kohn, Philadelphia, Pa., for defendant James Hill.

Andrew F. Malone, Blue Bell, Pa., for defendant Thrift-Rack, Inc.

Richard H. Markowitz, Philadelphia, Pa., for defendant Teamsters Local 384.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

On September 23, 1983, plaintiff Joan Taschner filed a three count Complaint seeking injunctive relief, compensatory and punitive damages.[1] The Complaint alleged that defendant Thrift-Rack, Inc. ("Thrift-Rack" or "Company") violated the collective bargaining agreement by refusing to permit plaintiff to return to her prior warehouse position from her position as an outside driver-salesperson. (Count I). The Complaint also alleged that defendants James Hill ("Hill")[2] and Teamsters Local Union # 384 ("Union" or "Local 384") violated the duty of fair representation owed plaintiff in failing to process a grievance filed against her employer, Thrift-Rack. (Count II). In addition, plaintiff alleges that the actions of the defendants were in retaliation against plaintiff both for her support of a group known as Teamsters for Democratic Union ("TDU"), which had run union reform candidates against the incumbent administration, and for grievances previously brought by her. (Count III).

Presently before the Court are Defendants' Motions to Dismiss or For Summary Judgment. In support of their motions defendants contend that:

1. The six month statute of limitations applicable to 29 U.S.C. § 185 bars any ac-

---

1. The specific jurisdictional bases of the Complaint include: 1) the Declaratory Judgment Act, as amended, 28 U.S.C. § 2201 *et seq.*; 2) Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185 *et seq.*; 3) Section 102 of the Labor Management Reporting and Disclosure Act, ("LMRDA") 29 U.S.C. § 412 *et seq.*; and Sections 9(a) and 8(b)(1)(A) of the National Labor Relations Act, ("NLRA") as amended, 29 U.S.C. §§ 159(a) and 158(b)(1)(A).

2. James Hill was subsequently dismissed from the case by stipulation of the parties which was approved by the Court on January 6, 1984.

tion based upon the Labor-Management Relations Act, 29 U.S.C. § 151, *et seq.*

2. Punitive damages may not be recovered in an action brought pursuant to the Labor-Management Relations Act, 29 U.S.C. § 151 *et seq.*

3. The National Labor Relations Board has exclusive jurisdiction to determine the alleged unfair labor practices as set forth in plaintiff's Complaint.[3]

4. Plaintiff has failed to state a claim upon which relief can be granted pursuant to the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411.

5. Plaintiff has failed to exhaust her internal union remedies.

For the reasons which follow, Defendants' Motions to Dismiss Counts I and II are granted. Defendant Thrift-Rack's Motion to Dismiss Count III is granted and Defendant Union's Motion to Dismiss Count III is denied.

FACTS

The plaintiff, Joan Taschner, worked for Thrift-Rack in its warehouse for nine years, from 1973 until September, 1982. Teamsters Local Union 384 is and was at all times relevant to this action, the exclusive bargaining representative for certain employees, including plaintiff, of Thrift-Rack, Inc. From April, 1979 until September, 1982, she was employed as a checker-receiver in the warehouse.

In September, 1982, plaintiff successfully cross-bid for an outside job of driver-salesperson. While working outside as a driver, she developed a severe neurodermatitis condition and allergic reaction, requiring doctor's supervision and medication. As a result, she was unable to perform her job as an outside driver, but was physically able to perform her prior inside warehouse position.

Plaintiff twice requested Thrift-Rack to transfer her to her prior warehouse position which was still open, or to any other warehouse position. The Company, how-

ever, rejected her requests on grounds which plaintiff alleges were not provided for in the Collective Bargaining Agreement and which were in violation of past practice. In support of this contention, plaintiff avers that Company personnel assured her that she could transfer back to the warehouse from an outside driver's position under existing Company policy and that other employes had been permitted to transfer back to former warehouse positions with Company consent.

In response to the Company's refusal to transfer her, plaintiff filed a grievance with Local 384. That grievance was denied by Union agent, James Hill, on grounds that no cross-bidding was allowed, that there were two separate seniority lists for Union members who were employed by the Company, and that an employee must be working in a unit to be allowed to bid for a job in that unit. Plaintiff maintains that these grounds were not provided for within the then current collective bargaining agreement, nor in the prior agreement, nor in prior Company policy or practice. Plaintiff requested to take her grievance to arbitration, but that request was denied by Hill. Subsequently, the warehouse position was awarded to another employee with less seniority, no experience and lower qualifications than plaintiff possessed.

On November 2, 1982, Thrift-Rack again refused plaintiff's request to transfer to any warehouse position, although there were still warehouse jobs open, some of which may not have been bid upon by warehouse workers, and refused to give her any work, informing her that there was no work available for her and to go home. Thereafter, plaintiff called Thrift-Rack every day for about one week. She reported that she was still on medication and could not drive, but that she was available for any other work. She specifically requested transfer to any position in the warehouse. Thrift-Rack continued to refuse to transfer her to any position in the warehouse.

---

**3.** Defendant Union has not advanced this ground in its motion. All other grounds have been advanced by both defendants.

As permitted under section 6, Article XIX of the International Brotherhood of Teamsters Constitution, on December 12, 1982, plaintiff filed a charge of misrepresentation against Hill, by letter addressed to Local 384 Secretary Gordon Grubb, Jr. A hearing was held on that charge on February 24, 1984 (Defendant Union Exhibit "A", "B"). After all parties appeared and presented evidence, a decision was given, dated May 19, 1983, which dismissed plaintiff's charges (Defendant Union Exhibit "C").

Thereafter, on May 31, 1983, plaintiff appealed the decision of Local 384 Executive Board to Joint Counsel No. 53, for review of that decision (Defendant Exhibit "D"). A hearing was conducted by Joint Council No. 53, and a decision is still pending.

DISCUSSION

A. Section 301 Claims, Counts I and II.

 Section 301 of the Labor-Management Relations Act, 29 U.S.C. 185 provides that an individual employee may bring an action charging his employer with breach of the collective bargaining agreement and his union with violating its duty of fair representation in mishandling the resulting grievance. *See Vaca v. Sipes*, 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976). Neither section 301 nor any other section of the LMRA states the statute of limitations applicable to these so-called *Vaca-Hines* actions. The Supreme Court recently held in *Del Costello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) that the statute of limitations to be applied to section 301 actions was the six month statute of limitations contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160 (1976). *Del Costello, supra* at 2293–94. *Del Costello* overruled *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) which had held that the applicable statute of limitations was the 90 day statute of limitations contained in the Pennsylvania statute governing vacation of arbitration awards. *Id.*, 103 S.Ct. at 2291. Subsequently, the Third Circuit Court of Appeals held that the ruling in *Del Costello* was to be applied retroactively and thus would bar any section 301 suit not brought within the six month statute of limitations. *Perez v. Dana Corporation*, 718 F.2d 581, 588, 114 L.R.R.M. 2814, 2820 (3d Cir.1983).

Defendant argues that the six month statute runs from the date that plaintiff knew or should have known that Local 384 would not process her grievance to arbitration. Defendant Thrift-Rack's Memorandum of Law in Support of the Motion to Dismiss or for Summary Judgment ("Defendant Thrift-Rack's Memo") at 6; Defendant Teamster's Local # 384 Memorandum of Law in Support of the Motion to Dismiss or for Summary Judgment ("Defendant Union's Memo") at 12. According to the grievance procedure set forth in the collective bargaining agreement, *see* Defendant Thrift-Rack's Memo at 7–8; Defendant Union's Memo at 9–11, defendants argue that plaintiff knew or should have known that her grievance would not be processed on November 28, 1982. Since her Complaint was not filed until September 23, 1983, it is time barred under *Del Costello* and *Perez*.

Plaintiff does not dispute that the *Del Costello* and *Perez* holdings are controlling in the case at bar. Plaintiff, however, seeks to avoid dismissal of her case by arguing that the six month statute of limitations runs from the date of the decision in *Del Costello*. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss or for Summary Judgment ("Plaintiff's Memo") at 6.

This argument will not, however, withstand analysis. By definition, retroactive application of a law changing decision applies to cases which arose prior to the law changing decision. *See* Beytagh, Ten Years of Non-Retroactivity: A Critique and a Proposal, 61 Va.L.Rev. 1557, n. 2 (1975) (retroactive cases govern "future cases, the present litigants, and all fact situations arising before the date of the lawchanging

decision that are still reviewable either by direct appeal or by collateral attack").

Apart from the operative definition of retroactivity, the facts of *Perez* demonstrate that the six month statute runs from the accrual of the cause of action. *Perez's* cause of action arose on October 2, 1979 and his Complaint was filed 23 months later on September 18, 1981. As of either date, no controlling authority existed as to the statute of limitations governing section 301 actions. What case law existed ran the gamut from three months (borrowed from state vacation of arbitration statutes) to six years (the usual statute of limitations applicable to contract actions). Nonetheless, the Third Circuit held that *Del Costello*, decided almost four years after *Perez's* cause of action arose, would govern.

Finally, even assuming that the retroactivity holding of *Perez* didn't apply, the only other logical statute of limitations to apply would be the shorter 90 day statute which was the rule of law under *U.P.S. v. Mitchell, supra.* Since plaintiff would be time-barred as to the six month limitation, plaintiff is obviously not helped by the shorter three month statute. Thus, by any conceivable construction, plaintiffs section 301 claims contained in Counts I and II are time-barred and must therefore be dismissed.

B. Section 101(a)(3) Claims, Count III.

■ Turning to Count III of plaintiff's Complaint, it is apparent that this Count does not suffer the same timeliness deficiency as Counts I and II. As in the prior situation, no statute of limitations is included in the Labor Management and Disclosure Act, 29 U.S.C. 411 *et seq.* Hence, the limitations period imposed is borrowed from the most analogous state statute of limitations. *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894 (3d Cir.1977) (factors to consider in determining analogous state statute include 1) defendant's conduct, 2) plaintiff's injury, and 3) the relief requested). Authority in this district holds that the applicable period is the six year statute of limitations for interference with business associational ties. 42 Pa.C.S.A. § 5527; *Harrison v. American Federation of Labor, Etc.*, 452 F.Supp. 102, 106–107 (E.D.Pa. 1978) (Luongo, C.J.).

■ Since Count III is not time-barred, it remains to determine against whom this claim may be asserted. It is evident that section 101(a) does not support an action against the aggrieved party's employer. *Hayes v. Consolidated Service Corp.*, 517 F.2d 564 (1st Cir.1975); *National Right to Work Legal Defense v. Richey*, 510 F.2d 1239 (D.C.Cir.1975), *cert. denied* 422 U.S. 1008, 95 S.Ct. 2631, 45 L.Ed.2d 671 (1975); *Rinker v. Local Union No. 24 of Amalgamated Lithographers of America*, 201 F.Supp. 204 (W.D.Pa.1962) *appeal denied*, 313 F.2d 956 (3d Cir.1963) (section 101(a) deals with union-member relationship and not suits involving employer-employee relationship). Nor will characterizing defendants' conduct as a conspiracy save an otherwise inadequate claim. *See Rinker, supra* at 206. *Abrams v. Carrier Corp.*, 434 F.2d 1234 (2d Cir.1970), *cert. denied* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971). *Cf. Thomas v. Penn Supply & Metal Corp.*, 35 F.R.D. 17 (E.D.Pa.1964). Accordingly, the Complaint against defendant Thrift-Rack, Inc. will be dismissed.

■ In opposition to the section 101(a) claims defendant Union raises a number of points noted within at page 2, chief among which is the exhaustion issue. Defendant maintains that plaintiff has failed to exhaust her union remedies with respect to her section 101(a) claim, averring that at no time during any of the grievance proceedings did she mention the retaliatory actions she complains of presently. It is, however, settled law that requiring plaintiff to exhaust union remedies is discretionary with the Court. *Mallick v. International Broth. of Elec. Workers*, 644 F.2d 228 (3d Cir.1981); *Pawlak v. Greenawalt*, 628 F.2d 826 (3d Cir.1980). As the Third Circuit explained in an earlier case, *Semancik v. United Mine Workers of America Dist. # 5*, 466 F.2d 144, (3d Cir.1972),

Several grounds have been found to be particularly appropriate bases for waiving the exhaustion requirement of Section 101(a)(4). When plaintiffs will suffer irreparable harm in their jobs, or in the exercise of rights guaranteed to them under the LMRDA, courts have found the preservation of the individual interest more important than that of union autonomy. Similarly, when the internal appeals structure is inadequate or illusory, or is controlled by those to whom the plaintiff is opposed, exhaustion has been deemed futile and contrary to the purposes of the LMRDA. Finally, where the union has consistently taken a position opposed to that of the plaintiff and makes no indication that it will alter its views, there is no purpose in requiring an adjudication by the labor organization. In these cases, the courts are particularly solicitous when the right of free speech is at stake.

*Id.* at 150–151 (citations omitted). Most if not all the grounds referred to above are present in this case and fully justify my refusal to require plaintiff to engage in any additional internal appeals before seeking judicial relief. *See also Rollison v. Hotel, Motel, Etc.,* 677 F.2d 741 (9th Cir.1982); *Chadwick v. International Broth. of Elec. Workers,* 674 F.2d 939 (D.C.Cir.1982); *Johnson v. General Motors,* 641 F.2d 1075 (2d Cir.1981); *Maier v. Patterson,* 511 F.Supp. 436 (E.D.Pa.1981); *Hummel v. Brennan,* 469 F.Supp. 1180 (E.D.Pa.1979); *Packer v. Inter. Broth. of Teamsters, Etc.,* 428 F.Supp. 145 (W.D.Pa.1977).

The remainder of defendant's arguments may be dealt with briefly. Defendants make no argument that punitive damages are not cognizable under 29 U.S.C. § 411(a)(3), and indeed a number of Circuit Courts have so held. *See Parker v. Local Union No. 1466, United Steelworkers,* 642 F.2d 104 (5th Cir.1981) (per curiam); *Shimman v. Frank,* 625 F.2d 80 (6th Cir.1980); *Bise v. International Bro. of Electrical Wkrs.,* 618 F.2d 1299 (9th Cir.1979), *cert. denied* 449 U.S. 904, 101 S.Ct. 279, 66 L.Ed.2d 136 (1980). Finally, it is apparent on the face of the Complaint that plaintiff has pled with sufficient specificity to avert a motion to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Plaintiff's complaint alleges that the union's actions were taken in retaliation for her participation in the campaign of a union reform candidate, Complaint ¶ 30–32. She also alleges that defendant's actions were the direct result of a previous grievance she filed (which was denied) and which was then refiled as a mass grievance. Complaint ¶ 33–35. These activities, if proven, fall within the protected speech and associational rights encompassed within 29 U.S.C. § 411(a)(3). Perforce, defendant Union's Motion to Dismiss Count III of the Complaint is denied.