Patricia THIBAULT

v.

STOP & SHOP COMPANIES, INC.,
et al.

Civ. No. N–81–493(PCD).

United States District Court,
D. Connecticut.

May 30, 1984.

**1360**

Eddi Z. Zyko, P.C., Waterbury, Conn., for plaintiff.

J. William Gagne, Jr., Hartford, Conn., for defendant Retail Employees Union.

Thomas A. Rouse, Martin H. Sokolow, Jr., Byrne, Shechtman & Slater, Hartford, Conn., for defendant Bradlees/Div. of Stop & Shop.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff, Patricia Thibault, was employed by Bradlees as a cashier at the Reidville Drive, Waterbury, Connecticut, store (No. 818). In August 1974, Thibault became a member of the union which was and is certified as the collective bargaining agent for all Bradlees employees in the area.

On December 7, 1979, Thibault was terminated by Bradlees for giving a 10% discount to an acquaintance in violation of company policy. On this same date, Thibault told William Duffy, her union representative, that she had been terminated. Duffy arranged a meeting on December 8, 1979, between Thibault, Jeffrey Gralnick, regional personnel manager for Bradlees, Thomas Levis, store manager, and himself. Duffy asked that Thibault be reinstated, Gralnick refused. It was proposed that Thibault resign and that resignation rather than firing be noted as the cause of her termination on her pink slip. Thibault refused.

After the meeting, Duffy prepared and Thibault signed a "Request for Action Form" in which Thibault stated that she was satisfied with the action taken by the union and released it from further action on her case. Defendants assert that the only further contact between Thibault and the union was her receipt, on or about February 1, 1980, of the withdrawal card she had requested from the union.

On September 30, 1981, Thibault initiated this action against Bradlees and the union (Local 919) in the Superior Court for the Waterbury Judicial District. The union removed the action to this court.

Defendant Bradlees seeks summary judgment pursuant to Rule 56, Fed.R. Civ.P., for the following reasons:

1. Plaintiff's claim is barred as not brought within the applicable statute of limitations.

2. Plaintiff has failed to exhaust the grievance and arbitration remedies provided in the applicable collective bargaining agreement.

Defendant union also seeks summary judgment for the above reasons and because plaintiff has failed to allege any facts which show that defendant union has acted arbitrarily or capriciously toward plaintiff.

Plaintiff alleges that she was wrongfully terminated by defendant Bradlees and that defendant union breached its duty to represent her interests against her former employer, defendant Bradlees.

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the issue was what statute of limitations applies in an employee suit against an employer and a union based on impropriety in her discharge and mishandling the ensuing grievance or arbitration proceedings, the same type of suit as Thibault's.

It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. *Smith v. Evening News Assn.*, 371 U.S. 195 [83 S.Ct. 267, 9 L.Ed.2d 246] ... (1962). Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collec-

tive bargaining agreement. *Republic Steel Corp. v. Maddox,* 379 U.S. 650 [85 S.Ct. 614, 13 L.Ed.2d 580] ... (1965), ... [unless] this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. [*Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976)].

*DelCostello,* 103 S.Ct. at 2290.

A suit such as the present one and as in *DelCostello* "... as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. 'Yet the two claims are extricably interdependent.' [*United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)]." *DelCostello,* 103 S.Ct. at 2290.

*DelCostello* resolved the statute of limitations issue by adopting the six-month period of Section 10(b) of the National Labor Relations Act. *DelCostello,* 103 S.Ct. at 2294. This differed from the application of analogous state statutes of limitations as the court had instructed in prior cases. *Id.*

The issue in this case is whether *DelCostello* should be applied retroactively. Two decisions in this district have held that it should be so applied. *DeCamp v. Stop & Shop Companies,* Civil H–79–227 (D.Conn. Mar. 5, 1984), and *Cossu v. United Steelworkers of America,* Civil H–83–714 (D.Conn. Nov. 21, 1983). The second circuit has now directly addressed the question of retroactivity and held "that the *DelCostello* decision has both retroactive and

prospective application ...." *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239 (2d Cir.1984). Retroactive application of the ruling in *DelCostello* has also been decided in five circuit courts of appeal. *Perez v. Dana Corp. Parish Frame Div.,* 718 F.2d 581, 583 (3d Cir.1983); *Murray v. Branch Motor Express Co.,* 723 F.2d 1146, 1148 (4th Cir.1983); *Edwards v. Sea-Land Serv., Inc.,* 720 F.2d 857, 859, 862 (5th Cir.1983); *Lincoln v. District 9 of the Intn'l Ass'n of Machinists,* 723 F.2d 627, 630 (8th Cir.1983); *Rogers v. Lockheed Georgia Co.,* 720 F.2d 1247, 1250 (11th Cir.1983); *contra Edwards v. Teamsters Local No. 36,* 719 F.2d 1036, 1040 (9th Cir.1983).

Three factors must be considered to determine whether a civil statute of limitations applies retroactivity. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). First, does the decision establish "a new principle of law, either by overruling clear past precedent on which the litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Second, from the prior history of the decision in question, and its purpose and effect, does " 'retrospective operation ... further or retard its operation.' " *Id.* at 106–07, 92 S.Ct. at 355 (quoting *Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601 (1965)). Third, is "inequity imposed by retroactive application." *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355. *See, e.g., Edwards v. Sea-Land,* 720 F.2d at 860.

Prior to *DelCostello* the law was in flux, there was no clear precedent upon which Thibault or other plaintiffs could be said to have relied to their detriment.

Whether retrospective operation of the *DelCostello* decision "will further or retard its operation," *Chevron,* 404 U.S. at 106–07, 92 S.Ct. at 355, has been considered. There is "need for uniformity." This is one reason for rejecting the borrowing of diverse state statutes of limitations. *DelCostello,* 103 S.Ct. at 2294 (quoting *Mitchell,* 451 U.S. at 70, 101 S.Ct. at 1567 (Stew-

art, J., concurring in the judgment)). State statutes of limitations for the vacation of arbitration awards, which *Mitchell* had held applicable, typically provide very short limitations periods, and thus fail "to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights ...." *DelCostello*, 103 S.Ct. at 2291. "The six-month limitations period of section 10(b) [of the National Labor Relations Act] is 'best attuned to the proper balance between the national interests in stable bargaining relationships and finality of private settlement[s] and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system.' *DelCostello*, 103 S.Ct. at 2294 (quoting *Mitchell*, 451 U.S. at 70–71 [101 S.Ct. at 1568] ... (Stewart, J., concurring in the judgment))." *Perez*, 718 F.2d 587–88. The balance is best struck by applying *DelCostello* retroactively.

The most difficult aspect arises because retroactive application results in the plaintiff having no remedy. *Edwards*, 720 F.2d at 862. Thibault's twenty-one months wait to file suit "indicates anything but a zealous effort to safeguard [her] cause of action," *Perez*, 718 F.2d at 588, and reduces the inequities of barring her claim and does not impair the operation of the statutes.

For the above reasons, plaintiff's action is barred by the six month statute of limitations and solely for that reason defendants' motions for summary judgment are granted.

SO ORDERED.