## Frank DIAN

v.

## UNITED STEELWORKERS OF AMERICA and Reading Metals Refining Corporation, et al.

### Civ. A. No. 77–346.

United States District Court,
E.D. Pennsylvania.

April 9, 1986.

Paul R. Ober, Reading, Pa., for plaintiff.

Robert T. Miller, Reading, Pa., for Reading Metals Refining.

Joseph Lurie, Philadelphia, Pa., for U.S. Steelworkers.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff Frank Dian commenced this action in 1977, nearly two years after he was discharged from his employment at Reading Metals Refining Corp., a division of Reading Industries, Inc. Dian alleged violations of the Collective Bargaining Agreement against the Company and breach of the duty of fair representation against the Union, based upon its failure take his grievance to arbitration pursuant to the terms of the Collective Bargaining Agreement. Dian's action has been recognized by the United States Supreme Court as arising under § 301 of the National Labor-Management Relations Act of 1947. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Defendants have now moved for judgment on the pleadings/summary judgment, contending that Dian's action is barred by the statute of limitations.

Until the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), federal courts were obliged to select and and apply a state statute of limitations to *Vaca-Hines* actions. In *DelCostello*, the court determined that the proper statute of limitations is federal, the same six-month period specified in § 10(b) of the National Labor Relations Act.

Plaintiff argues that the six-month statute of limitations should not govern his case, filed some six years before the *DelCostello* decision was announced. He contends that when he filed suit the accepted state statute of limitations applied to *Vaca-*

*Hines* actions in this district was Pennsylvania's six-year period governing contract actions. In particular, he relies upon the Third Circuit's purported acceptance of the six-year statute of limitations in *Falsetti v. Local Union No. 2026, United Mine Workers,* 355 F.2d 658 (3d Cir.1966).

In arguing for retroactive application of *DelCostello* to this case, defendants rely principally upon *Perez v. Dana Corp., Parish Frame Division,* 718 F.2d 581 (3d Cir. 1983). In that factually similar case, the Third Circuit determined that *DelCostello* should be applied retroactively to bar plaintiff's cause of action by considering and applying the factors identified in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Of those three factors, the Third Circuit's treatment of the first or threshold factor, *i.e.,* whether *DelCostello* established " 'a new principle of law ... by overruling clear past precedent' ", is wholly applicable to the present case. *Perez* at 585, quoting *Chevron Oil,* 404 U.S. at 106, 92 S.Ct. at 355.

In *Perez,* the court held that there was no clear past precedent upon which the plaintiff was entitled to rely so as to justify waiting twenty-three months before filling his *Vaca-Hines* action. In *Perez,* the plaintiff's cause of action accrued after the decision in *Falsetti,* which the court characterized as having left open the correct statute of limitations but which "foreshadowed" the application of a six-month statute of limitations. Thus, the court concluded that:

> Given the erratic and conflicting nature of the existing precedent, and our intimation in *Falsetti* that section 10(b) might apply, we believe that '[r]eliance on such uncertain [case law] to delay filing ... was not reasonable', (Citation omitted) *Perez* at 587.

The court went on to discuss the development of the law subsequent to *Falsetti* and prior to Perez's filing and determined that Perez's reliance upon *Falsetti* was even more unreasonable in light of case law that shortened the statute of limitations period to ninety days prior to *DelCostello,* which finally settled upon the six-month period. Although the complaint in this case was filed before courts began to apply the ninety-day statute of limitations, the Third Circuit's holding with respect to the *Falsetti* case applies as well to the plaintiff in this case. Thus, we conclude that the first *Chevron* factor weighs in favor of applying *DelCostello* retroactively to bar Dian's cause of action.

Likewise, our consideration of the second *Chevron* factor, whether retroactive application of the new rule will advance or retard its operation, is controlled by the *Perez* decision. There, the court concluded that rapid resolution of labor disputes best served the " 'proper balance between the national interest in stable bargaining relationships and finality of private settlement and the employee's interest in setting aside what he views as an unjust [result]' ". *Perez* at 588, (quoting *DelCostello,* 103 S.Ct. at 2294).

The third *Chevron* factor requires the Court to consider the equities involved in depriving plaintiff of the opportunity to litigate his claim by retroactive application of a rule unknown to him when his cause of action accrued. Application of this factor cannot, of course, be controlled by precedent, but depends upon the facts of each case.

Plaintiff argues vigorously that defendants should not be permitted to invoke a "new" rule of law three years after it was first announced in order to deprive him of a remedy. Although it is true that defendants have, for the first time, moved for judgment on statute of limitations grounds in 1986 when the case has been pending since 1977, we conclude that this was their first opportunity to do so since the *DelCostello* rule was announced in 1983. When Dian's cause of action accrued, the statute of limitations question was, in the Third Circuit's terminology, "diverse and conflicting". *Perez* at 586. Later, courts in Pennsylvania began to apply a ninety-day statute of limitations that does not appear to have been foreshadowed by case law exist-

ing in 1977 and which was soon superseded by the *DelCostello* rule, Given the confusion surrounding this issue at the time, a motion based upon the statute of limitations may well have seemed futile prior to 1983. That is not to say, however, that defendants should not now be given the benefit of present law, clarified since activity in this case was suspended in 1981 for reasons hereinafter stated.

This action was pursued vigorously by both sides for three years following its commencement, and may well have been tried early in 1980, thus obviating the need for resolution of the instant motion. However, it was not brought to trial because plaintiff discharged his counsel less than two weeks before the case was to be tried. Thereafter, the case was rescheduled, but pre-trial motions and the exigencies of the Court's schedule necessitated a postponement.

In January, 1981, the Court was reminded by plaintiff's new counsel that Dian had been involved in an automobile accident and would be disabled for at least six months. When the case was again scheduled, for September, 1981, after unsuccessful attempts to call it for trial in May, 1981, defendant Reading Industries had filed a petition in bankruptcy. Pursuant to the automatic stay of the Bankruptcy Code, the case was then placed in the civil suspense docket. Neither side attempted to reactivate the case.

Late in 1985, the Court attempted to ascertain the status of the case and was informed by plaintiff's counsel that Dian was not competent to proceed to trial as a result of his continuing recovery from the automobile accident. We also learned that all of the assets of Reading Industries had been sold to J. Lash Acquisition Corp. in 1982.

Although the numerous delays which ensued after the case was first listed for trial cannot all be laid at plaintiff's door, it certainly does not appear that defendants were any more culpable than plaintiff. The Court is now required to determine whether it is more equitable to deprive plaintiff of a potential remedy or force defendants to litigate a stale claim. Since it appears that plaintiff has been less than diligent in pursuing his case, we conclude that it is he who should bear the inequity inherent in choosing between the alternative evils.

Thus, being obliged to follow the clear Third Circuit precedent found in *Perez v. Dana* with respect to the application of two of the three factors to be considered in determining whether to apply a new rule of law retroactively, and having concluded that the equities of the situation also weigh in favor of retroactive application of the six-month statute of limitations, we will enter judgment in favor of the defendants.