**Floyd RINKER, Plaintiff,**

v.

**LOCAL UNION NO. 24 OF AMALGAMATED LITHOGRAPHERS OF AMERICA, an unincorporated labor association, affiliated with the AFL-CIO, et al., Defendants.**

**Civ. A. No. 61-382.**

United States District Court
W. D. Pennsylvania.
Jan. 26, 1962.

---

James A. Ashton, Pittsburgh, Pa., for plaintiff.

Tener, Van Kirk, Wolf & Moore, Pittsburgh, Pa., for defendant William G. Johnston Co.

Wilner, Wilner & Kuhn, Pittsburgh, Pa., for all other defendants.

GOURLEY, Chief Judge.

This is a two-pronged suit under the Labor Management Reporting and Disclosure Act, naming both the union and employer as joint defendants based upon an alleged conspiracy to secure plaintiff's expulsion from the union and his dismissal from his employment, 29 U.S.C.A. § 401.

Two motions are presently before the Court:

1. Motion of William G. Johnston Company, defendant, and plaintiff's employer, to dismiss the complaint as it re-lates to said employer for lack of jurisdiction in the Federal Court.

2. Motion of Local Union No. 24 of Amalgamated Lithographers of America, the other defendant, for summary judgment as to Count Two of the complaint for lack of jurisdiction in the Federal Court.

Plaintiff alleged in Count One of his complaint that he was a member of Local Union No. 24 of Amalgamated Lithographers of America and was employed by William G. Johnston Company, having experienced difficulty with said union. He was expelled from membership by the Union for an alleged violation of the Union Constitution. His prayer for reinstatement is the gravaman of Count One.

In Count Two of the complaint, plaintiff alleges a conspiracy between the Union and his employer to have him dismissed from his employment and seeks damages from the date of his suspension to time of trial.

## MOTION OF WILLIAM G. JOHNSTON COMPANY

■    Motion of William G. Johnston Company to dismiss the complaint poses the following question:

Can a union member bring a claim against his employer to the United States District Court under the Labor Management Reporting and Disclosure Act (commonly known as the Landrum-Griffin Act) where the union member alleges that the employer was a co-conspirator with the union to violate rights protected under said act?

Plaintiff argues that his employer's responsibility under the Labor Management Reporting and Disclosure Act stems from its official declaration of purpose where it is stated, inter alia, that

"* * * in order to accomplish the objective of a free flow of commerce it is essential that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly

as they affect labor-management relations." 29 U.S.C.A. § 401(a).

After a careful examination of the statute upon which plaintiff premises his prayer for relief, I am impelled to dismiss the complaint as it relates to his employer for lack of jurisdiction of the subject matter. To so liberally construe the statute, without a clear and manifest intention on the part of Congress, would preempt Congressional intention and create an unintended avalanche of suits between employee and employer in the Federal Courts.

There is nothing in the act to indicate jurisdiction in this Court for an action by an employee against an employer to review a justification or non-jurisdiction for a discharge.

■ In short, this statute deals with the union-member relationship and in no way supports jurisdiction of a suit involving the employer-employee relationship, Gross v. Kennedy, D.C., 183 F.Supp. 750; Strauss v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, D.C., 179 F. Supp. 297; Bennett v. Hoisting and Portable Engineers, Local No. 701, 39 Labor Cases No. 66183.

A review of the legislative history of the act militates against any conclusion that Congress intended the Act to have application to employers. Judge Austin Staley of this Circuit has most thoroughly reviewed the legislative history of enactment of the Landrum-Griffin Act, and the remarks of the framers of this legislation evince throughout an intention to confine the enactment to inner union rights, Tomko v. Hilbert, 288 F.2d 625, 3rd Cir.

Since no other basis exists upon which to rest federal jurisdiction, I have no alternative but to dismiss the complaint as it relates to the defendant, William G. Johnston Company.

## MOTION OF LOCAL UNION NO. 24

■■ The legal proposition posed by the union's Motion for Summary Judgment as to Count Two of plaintiff's complaint is as follows:

Does jurisdiction rest with the United States District Court in a suit brought by an individual to recover damages against a union for allegedly conspiring with his employer to dismiss him from his employment?

It appears abundantly clear that the act complained of is an unfair labor practice within the purview of the Labor Management Relations Act of 1947 which the courts must defer to the exclusive competence of the National Labor Relations Board, 29 U.S.C.A. § 158; San Diego Bldg. Trades, Council, Millmen's Union, etc., 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775; United Steel Workers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 581–583, 80 S.Ct. 1347, 4 L.Ed. 2d 1409. See Beanchamps v. Weeks, 43 CCH Labor Cases, Para. 17,196.

The Landrum-Griffin Act does not supplant remedies available under the law. Where a remedy does exist through other Congressional legislation specially geared for such purpose, and no indication is evident in the Act pursued which provides the remedy sought, nor any expressed or manifest intent on the part of the framers of said Act evident in any of their pronouncements, I have no basis to read into the Act this jurisdiction. This view is buttressed by Section 103 of the Act which provides, inter alia, as follows:

"Nothing contained in this subchapter (Title I of the Act) shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal, or under the constitution and by-laws of any labor organization." (29 U.S.C. A. § 413)

Since the element of damages stems basically from the allegation of the alleged conspiracy to dismiss plaintiff from his employment, I am constrained to conclude that any claim for damages either under Count One or Count Two of the complaint is not within the Court's jurisdiction.

An appropriate order is entered.