John F. BURNS, Plaintiff,

v.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL NO. 626, an unincorporated Association, Defendant.

Civ. A. No. 2370.

United States District Court
D. Delaware.

April 17, 1962.

Reargument Denied April 30, 1962.

Joseph T. Walsh, Wilmington, Del., for plaintiff.

Joseph Donald Craven, Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

This case arises from a contention of the defendant that the action should be dismissed for failure to state a claim upon which relief can be granted. The contention is made both in the answer and by a separate motion under Rule 12 (b) (6), F.R.Civ.P. 28 U.S.C.

By amendment to the complaint it is sufficiently pleaded that the plaintiff has no effective administrative remedy available to him within the Union.

The defendant has denied the jurisdiction of the Court over the subject matter and contends that the controversy constitutes an unfair labor practice with exclusive jurisdiction in the National Labor Relations Board. The defendant also contends by the answer and separate motion that the complaint fails to state a claim upon which relief can be granted.

The two questions impinge closely one to the other for the reason that both are based upon the contention that the facts of the case constitute an unfair labor practice.

The jurisdiction of the Court should be first considered but since the answer to that question is the same as that directly presented by the answer and separate motion, the jurisdiction of the Court, for the reasons hereinafter stated, will be assumed and we will pass to the question as to whether the complaint sets forth a claim upon which relief can be granted.

No effective extraneous matter being presented, the sole question is as to the sufficiency of the complaint, the allegations of which must be taken to be true.

The complaint sets out these facts: that the plaintiff had been a member of the defendant association since 1951; that on or about October 19, 1960 he was notified to appear for trial on October 27, 1960 for certain alleged violations of the constitution and by-laws of the defendant association; that he did so appear and that on November 2, 1960 the trial committee returned a verdict of guilty on both charges, at which time the president of the defendant association decreed that the plaintiff was removed from membership.

The complaint states that the plaintiff was on January 17, 1961 ordered reinstated to membership in Local 626 (the defendant) by the Office of General President of the United Brotherhood of Carpenters and Joiners of America.

The action is brought under 29 U.S.C.A. § 412, which provides:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. * * *"

The subchapter heading of the pertinent statute is entitled "Bill of Rights of Members of Labor Organizations."

The present action is based upon the alleged violation of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C.A. § 411(a) (5), which provides:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

The particular violations of Section 411(a) (5), as relied upon by the plaintiff, are set out in the complaint as follows:

"8. The charges preferred against Burns on October 27, 1960, and the subsequent hearing thereon, was contrary to Title 29, Section 411 (a) (5), in that:

"(a) The charges against Burns were not specific as to time, place or nature of the offense.

"(b) Burns was not afforded a reasonable time in which to prepare his defense or summon witnesses in his behalf.

"(c) He was not afforded a full and fair hearing by the trial committee.

"(d) The procedure of the trial committee violated the Constitution and Laws of the United Brotherhood of Carpenters.

"(e) The actions of the President, William Pierce, in not permitting Burns to address the members in his behalf on the question of penalty was in violation of the Constitution and Laws of the Brotherhood and deprived Burns of a fair hearing."

The plaintiff contends that by reason of his expulsion from membership in the Union he could not obtain work and seeks to recover the amount of his wages for the period of his expulsion.

The defendant then contends that the complaint fails to state a claim upon which relief can be granted and cites and relies upon two cases to be now considered. The first is the case of Rinker v. Local 24 Lithographers, 1962, 201 F. Supp. 204, by Chief Judge Gourley in the Western District of Pennsylvania. The cited case consisted of two counts. The gravamen of Count 1 was the prayer for reinstatement in the Union from which he had been expelled. We are not concerned with that matter.

Count 2 alleged conspiracy between the Union and the employer of the plaintiff to have him discharged. The employer moved to dismiss Count 2 as to such employer on the ground that the statute under which the action was brought (29 U.S.C.A. § 412) known as the Labor-Management Reporting and Disclosure Act (commonly known as the Landrum-Griffin Act) had nothing to do with an action by a member of a Union against an employer. Of such opinion was the Court.

■ It is abundantly clear that the cited Act only concerns controversies between a member and the Union to which he belongs. In Tomko v. Hilbert, the Court of Appeals of this Third Circuit said:

"A recapitulation of other pertinent provisions of the LMRDA clearly shows that its operation is narrowly focused on protecting the union-member relationship." [1]

I am in entire accord with the case cited by the defendant as to the matter there involved, but in the present case no party is involved except the Union and a member thereof. In the cited case the other defendant, the Union, moved for summary judgment as to Count 2 on the ground that the action claimed a conspiracy between the Union and the employer and as such constituted an unfair labor practice cognizable under the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq. with jurisdiction in the National Labor Relations Board. Judge Gourley held that the District Court did not have jurisdiction under the circumstances.

In San Diego Bldg. Trades Council, Millmen's Union etc. v. Garmon, 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775, it was held that when an activity is arguably subject to the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. with reference to unfair labor practices, the federal courts must defer to the exclusive competency of the National Labor Relations Board.

The other case relied upon by the defendant was Beauchamp v. Weeks.[2] This case concerned an arrangement with and request by the labor union to the employer whereby the member was suspended by the employer for a period and without pay. The Court held, like the Rinker case, that there was involved an unfair labor practice of which the district court could have no jurisdiction.

■ In the present case and assuming the correctness of the allegations of the complaint, we do not have any unfair labor practice to constitute the jurisdiction of the National Labor Relations Board. In International Union United Auto Aircraft, etc. v. Hinz, (C.A.6, 1955), 218 F.2d 664, 665,[3] the Court stated that the National Labor Relations Board "has no jurisdiction in disputes between a union and its members nor authority over the internal operation of a union." In the present case we do have an action which involves only the union and a member thereof. We have allegations of unlawful or wrongful action by the union and a prayer for redress. We have allegations that, as a consequence of the actions of the union, the member suffered damage. 29 U.S.C.A. § 412 gives to the district court juris-

1. 288 F.2d 625, 627.

2. Not yet officially reported but now found in Labor Relations Reference Manual (LRRM), Volume 48, Page 3048.

3. Decided before the enactment of the Labor-Management Reporting and Procedure Act.

diction to award such relief as may be appropriate.

The pertinent Statute (The Labor-Management Reporting and Disclosure Act, LMRDA) is discussed in an extended note in 48 Va.Law Rev. 78–98 (Jan. 1962).

The motion of the defendant to dismiss the complaint must be denied. An appropriate order may be submitted.

### ON REARGUMENT

Defendant has moved for reargument under Rule 16 of the local district rules on the grounds that the Court in its opinion of April 17, 1962, denying defendant's motion to dismiss under 12(b) (6), did not consider certain answers to interrogatories which defendant says support his arguments on the motion. Defendant also says the Court erred in failing to consider the motion as one for summary judgment because of these extraneous matters presented to and not excluded by the Court.[1]

On the procedural point the defendant is correct. In the opinion denying defendant's motion to dismiss it is clear that these answers to interrogatories had not been excluded. Even though they were found not "effective" on the question they were obviously not "excluded" and F.R.Civ.P. 12(b) clearly requires where matters outside the pleadings are considered by the Court a motion under 12(b) (6) "shall be treated as one for summary judgment."

However, I cannot agree that this motion presents any matter that requires reargument. The Court, as explained, had already considered the answers to interrogatories in question and found them not effective. They clearly demonstrate that plaintiff does not allege any conspiracy between the Union and the prospective employers to deny him employment, and thus does not involve the Union in any possible "unfair labor practice" as was the case in Rinker v. Local 24 Lithographers, 1962, 201 F.Supp. 204

and Beauchamp v. Weeks, 48 LRRM 3048. It may be true, as defendant claims, that any potential employer who refused to employ the plaintiff because he was not a member of a Union violated the provisions of Section 8(a) (3) of the LMRA of 1947 (29 U.S.C.A. § 158(a) (3)). However, that question is not before us. Since plaintiff has chosen to seek relief against the Union alone and has presented a claim within the scope of 29 U.S.C.A. §§ 411–412, the jurisdiction there granted is not preempted because of a possible unfair labor practice committed by some other person.

An order may be submitted denying the motion for summary judgment and denying the motion to reargue.

---

1. Plaintiff filed no answer to the motion for reargument within the time permitted by our Rule 16.