**James B. DUNCAN, Appellant,**

v.

**PENINSULA SHIPBUILDERS ASSOCIATION and Newport News Shipbuilding and Dry Dock Company, Appellees.**

**No. 11864.**

United States Court of Appeals
Fourth Circuit.

Argued March 5, 1968.

Decided April 25, 1968.

Louis Ellenson, Newport News, Va. (Ellenson & Fox, Newport News, Va., Seymour J. Ugelow, and Goldweber, Ugelow, Hershkowitz & Balsam, Jamaica, N. Y., on the brief), for appellant.

James A. Harper, Jr., Richmond, Va. (Patrick A. Gibson and Paul M. Thompson, and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on the brief), for appellee, Newport News Shipbuilding and Dry Dock Company.

Herbert V. Kelly, Newport News, Va. (Jones, Blechman, Woltz & Kelly on the brief), for appellee Peninsula Shipbuilders Association.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and RUSSELL, District Judge.

ALBERT V. BRYAN, Circuit Judge:

Suing exclusively upon the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq., James B. Duncan asks damages of his former union, Peninsula Shipbuilders Association and of his former employer, Newport News Shipbuilding and Dry Dock Company, at Newport News, Virginia, 29 U.S.C. §§ 412, 529.[1]

---

[1]. Section 412 provides: "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

Section 529 reads as follows: "It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any

The premise of recovery pleaded is that on July 7, 1966 Peninsula "urged and prevailed upon Defendant Employer [the company] and said Defendants conspired and schemed together to violate Plaintiff's rights under the said Act by imposing unreasonable, improper, and unlawful disciplinary action upon him as hereinafter alleged and without complying with the provisions of said Act". Alleged as the "disciplinary action" is the discharge of Duncan by his employer at the instance of the union and the resulting loss of union membership. The union, with the acquiescence of his employer, was acting, the complaint charges, in retaliation for Duncan's protesting the election of the union's president and taking Duncan's grievance to the Secretary of Labor, privileges protected by the Act. 29 U.S.C. § 411(a) (4).

Peninsula is the collective bargaining agent of the company's employees and is a local union. Thus termination of Duncan's employment ipso facto terminated his union membership.

Defendants' motions to dismiss were granted by the District Court on the ground that the Act did not confer jurisdiction of a claim that an employee's union conspired with his employer to effect his discharge. We uphold the dismissal with respect to the company; we reverse the dismissal in regard to the union.

■ It is abundantly clear that the Act does not give a cause of action against an employer. That was not the purpose or intent of this legislation. Thompson v. New York Central RR., 361 F.2d 137, 145 (2d Cir. 1966); Rinker v. Local Union No. 24 of Amalgamated Lithographers etc., 201 F.Supp. 204, 206 (W.D.Pa.1962), appeal dismissed, 313 F. 2d 956 (3 Cir. 1963). As no other basis of jurisdiction is tendered for the suit against the company, it will be dropped as a party defendant.

■ This decision does not, however, preclude resort by appellant Duncan to any remedies in contract, tort or otherwise afforded him by other statutes or by the common law for a trial on his grievances. We say now only that he has not stated a case against the company under the LMRDA.

As to the union, on the contrary, we think the complaint made out a cause and right of action. Concededly, Duncan's membership in the union was not severed for "non payment of dues" or after an administrative "full and fair hearing", without which the Act does not permit an employee to be expelled or disciplined.[3] Also true it is that the union did not itself expel Duncan.

But, as alleged, the union's conduct clearly falls within the more general prohibition that the union cannot, without notice, without time to prepare a defense and without a hearing "otherwise discipline" a member. Duncan, to repeat, seeks to prove that the union schemed with the company to effect his discharge from employment, in circumstances where discharge would necessarily terminate union membership. Thereby, the complaint also charges, the union wrongfully "expelled" Duncan from its ranks. It does not matter that expulsion was accomplished by company action. If Duncan proves that the company acted at the behest of the union, he has stated a cause of action against the union. The Act does not allow the union to achieve in-

---

right to which he is entitled under the provisions of this chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section."

2. 29 U.S.C. § 411(a) (5):
"No member of any labor organization may be fined, suspended, expelled, or oth-

erwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

directly what it is prohibited to do directly.

Additionally, while the complaint does declare on a conspiracy, it may also be read as alleging a several wrong to the plaintiff by the union. But even if the plaintiff did count on collaborative conduct of the union and the employer, the union alone can be held for its conspiratorial part, without holding the other plotter. Either the sole or the concert action charged to the union, ending in success, would constitute "the discipline" of Duncan for exercising his prerogatives.

Rinker v. Local Union No. 24 Amalgamated Lithographers etc., supra, 201 F.Supp. 204 (W.D.Pa.1962), pressed by the union and relied on by the District Court, does not persuade us to the contrary. First, that case involved a different factual context, for there the discharge complained of did not as a necessary incident terminate plaintiff's union membership. Therefore, in *Rinker* the union conduct did not so clearly affect complainant's union status as does the scheme alleged here.

More important, we disagree with the view of the Landrum-Griffin Act embodied in *Rinker*. Thus we do not think it material whether the wrongful conduct charged constitutes a violation of the Labor Management Relations Act, 29 U.S.C. § 158 et seq. We see the Landrum-Griffin Act as creating "new federal rights to be enjoyed by union members." Parks v. International Bhd. of Electrical Workers, 314 F.2d 886, 922 (4 Cir. 1963), cert. denied, 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963).

The decree of the District Court sustaining Shipbuilding's motion to dismiss will be approved, and that defendant released from the action. So much of the decree as dismissed the action against the union will be reversed. The case is remanded for trial between the plaintiff and the union.

Affirmed in part and reversed in part.