UNITED STATES of America, Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, et al., Defendants.

In re Charges Against William
W. HAMILTON.

No. 88 CIV. 4486(DNE).

United States District Court,
S.D. New York.

Jan. 16, 1998.

Steven Green, Americans United for Separation of Church and State, Washington, DC, Stephen L. Pevar, American Civ. Liberties Union, Denver, CO, Elizabeth Joy Hubertz, Levin, Middlebrooks, Mabie, Thomas, Mitchell, Papantonio & Lamb, Birmingham, AL, James A. Tucker, Alabama Civ. Liberties Union, Montgomery, AL, Pamela L. Sumners, Birmingham, AL, for Plaintiffs.

Tomar, Simonoff, Adourian, O'Brien, Kaplan, Jacoby & Graziano (Theodore M. Lieverman, of counsel), Haddonfield, NJ, for Election Officer, Barbara Zack Quindel.

Goldman & Hafetz (Frederick P. Hafetz, of counsel), New York City, for Cohen, Weiss & Simon.

Mary Jo White, U.S. Atty., S.D. New York (Karen B. Konigsberg, Asst U.S. Atty., of counsel), New York City, for U.S.

London & Mead (Christopher B. Mead, of counsel), Washington, DC, for Jere B. Nash, III.

*ORDER*

EDELSTEIN, District Judge.

*Background*

This order emanates from the voluntary settlement of an action commenced by Plaintiff, United States of America, against Defendants, the International Brotherhood of Teamsters ("IBT" or "the Union") and the IBT's General Executive Board. This settlement was embodied in the voluntary consent Order entered March 14, 1989 (the "Consent Decree"). Among other things, the Consent Decree provides for the creation of the Independent Review Board ("the IRB"). The IRB is responsible for investigating allegations of corruption within the Union. As part of its responsibilities, the IRB is authorized to convene hearings. *See* Consent Decree at 21. During these hearings, "[a]ll parties shall be permitted to present any facts, evidence, or testimony which is relevant to the issue before the [IRB]." *Id.* at

21–22. Additionally, the Consent Decree states that "[a]ny such hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings." *Id.* at 22.

## Facts

On October 22, 1997, the IRB issued a report to the Members of IBT's General Executive Board ("GEB") recommending charges be brought against William W. Hamilton ("Hamilton"), former Director of Governmental Affairs for the IBT, for bring reproach upon the IBT, violating Article XIX of the IBT Constitution. *See* IRB's Proposed Charges Against Former IBT Director of Government Affairs William W. Hamilton, Jr. ("IRB Hamilton Report") at 1. Specifically, the IRB Report recommended Hamilton be charged as follows:

> [w]hile an employee and member of the IBT you brought reproach upon the IBT by causing a thing of value to be given to another in return for your performance of union duties and you embezzled IBT funds by arranging for IBT donations to certain advocacy groups as part of a scheme in which, in return for the IBT's donations, individuals, directly or indirectly, would donate money to benefit the Ron Carey … campaign thereby violating Article II Section 2(a) and Article XIX, Section 7(b)(1), (2) and (3) of the IBT Constitution.

*Id.* at 16.

On October 24, 1997 the General Executive Board adopted and filed the charges referred by the IRB against Hamilton. Letter from David L Neigus, Deputy General Counsel to John J. Cronin of 10/29/97 at 1. Consistent with its prior practice, the General Executive Board referred back the filed charges against Hamilton to the IRB for adjudication. *Id.* The IRB scheduled a hearing on these charges for January 20 and 21, 1998.

On November 25, 1997, the IRB also issued a report to the Members of the GEB recommending charges be brought against Ron Carey ("Carey"), former General President of the IBT, for bringing reproach upon

the IBT in violation of the IBT Constitution, Art. XIX § 7(b) and (2) and Art. II, § 2(a). *See* IRB's Proposed Charges Against IBT General President Ronald Carey ("IRB Carey Report") at 1. By letter dated December 3, 1997 the GEB adopted and filed the charges referred by the IRB against Carey. Letter from David L. Neigus, Deputy General Counsel to John J. Cronin of 12/3/97 at 1. Again, the GEB referred back to the IRB the charges filed against Carey for adjudication by the IRB. *Id.* The IRB scheduled a hearing for the same days set for the hearing regarding the charges against Hamilton, January 20 and 21, 1998.

On the eve of the IRB hearing, January 14, 1998, both Carey and Hamilton made applications to this Court requesting an Order authorizing them to issue subpoenas to compel the attendance of witnesses and the production of documents in connection with both of their IRB hearings. Specifically, Hamilton requested the authority to issue witness subpoenas to compel the presence of Jere Nash ("Nash") and Martin Davis ("Davis"), and the authority to issue a subpoena for the production of documents form the November Group. Memorandum of Law in Support of William Hamilton's Application for the Issuance of Subpoenas ("Hamilton Brief") at 1. Hamilton contends that the authority to issue said subpoenas is "essential" to his "ability to obtain a 'full and fair hearing'" before the IRB. Hamilton Brief at 2.

In support of his application Hamilton states that the arguments set forth in the Memorandum of Points and Authorities In Support of Mr. Carey's Request for the Issuance of Certain Subpoenas, dated January 14, 1998 ("Carey Brief") "are equally applicable to Mr. Hamilton and support the issuance of the subpoenas requested by Mr. Hamilton as well …." Hamilton Brief at 1. In the Carey Brief, Carey asserted that the IRB Chief Investigator relied on two unreliable witnesses in forming the charges against him, and that neither of them will be present at the hearing.[1] Carey Brief at 2–3. He stated that this is contrary to Section

---

1. At the hearing for Carey, the Chief Investigator intends to rely on affidavits submitted to the Election Officer by Jere Nash and Monian Simpkins instead of having them appear at the IRB hearing.

101(a)(5) of the Labor–Management Reporting and Disclosure Act (the "LMRDA") which requires that a "full and fair hearing" must be afforded to any member that is disciplined by a union. He asserted that " '[c]ourts have uniformly recognized that the right of confrontation and cross examination of witnesses is fundamental to the "full and fair hearing." ' " *Id.* at 4 (citations omitted). Additionally, Carey maintained that certain documents from the November Group may cast the illegality asserted in a completely different light. *Id.* at 3.

Thus, Hamilton argues, by reference to the Carey Brief, that he should have access to the November Group documents before the IRB hearing and the opportunity to examine both Nash and Davis at the IRB hearing to ensure him a "full and fair hearing." Hamilton recognizes that this Court is not required to grant him subpoena power but requests, out of fairness, the power to subpoena Nash and Davis to the IRB hearing and the authority to subpoena certain documents from the November Group before the hearing. Hamilton Brief at 4.

The Government opposes Hamilton's request, arguing that Hamilton has no right to subpoena witnesses and that none of Hamilton's rights will be violated if this Court refuses to grant his request. For the reasons set forth below, Hamilton's motion is denied.

### Discussion

■ This Court has once before considered an application for subpoena power by a member of the IBT who was to appear before the IRB for a disciplinary hearing. *See United States v. International Brotherhood of Teamsters In re Charges against Robert T. Simpson,* 870 F.Supp. 557 (S.D.N.Y.1994). In that case, which this Court does not find dissimilar to the instant proceeding, this Court held that neither the IBT Constitution nor the Consent Decree afforded IBT members the right to compulsory process in connection with IRB disciplinary hearings. *See Id.* Hamilton, however, insists that his situation is different than the circumstance in the *Simpson* case because "there are no documents or other evidence which can substitute

for the knowledge of [Nash or Davis]." Hamilton Brief at 4. He further asserts that the documentary evidence he wishes to subpoena from the November Group is necessary for him to "demonstrate that the scheme of Davis and Nash was driven by a financial motive, and that [Hamilton] was not part of their scheme." *Id.* at 5.

As previously mentioned, Hamilton has joined in, and adopted the arguments and authorities set forth in the Carey Brief. Therefore it is necessary to review the arguments set forth in the Carey Brief as they relate to Hamilton.

This Court addressed Carey's application on its own merits in an Opinion and Order issued contemporaneously with this decision. *See United States v. IBT,* 992 F.Supp. 598 (S.D.N.Y. 1998). Carey, also insisted that his case is different than Simpson's because Mr. Simpson was seeking the use of general subpoena power and intended to compel the attendance of several witnesses. Carey Brief at 6 n1. As opposed to Mr. Simpson, Carey argued that the witnesses that he proposes to subpoena are few in number and are the key witnesses "who have a powerful motive to fabricate their stories."*Id.* at 6–7. He also asserted that the IRB's position in not opposing his request to this Court is different from the IRB's position in *Simpson* and that this distinguished his application from that of Mr. Simpson's.

In support of his application, Carey relied on section 101(a)(5) of the LMRDA, which prohibits a union from taking disciplinary action against a member without affording the member a "full and fair hearing." *See* 29 U.S.C. § 411(a)(5). However, as this Court noted in *Simpson,* "the Second Circuit has held that the power to subpoena a witness is not 'a requirement of a "full and fair hearing" under section 411(a)(5)(c).' " *Simpson,* 870 F.Supp. at 561 (citations omitted). The LMRDA cannot be construed to provide subpoena power to IBT members facing disciplinary hearings where the IBT Constitution nor the Consent Decree do not confer such authority to its members. Carey's argument, and thus Hamilton's argument, are without merit.

■ Carey also argued that this Court should grant him subpoena power pursuant

to the All Writs Act. The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, as this Court has previously noted, the All Writs Act "does not require a court to take a specific action," *Simpson*, 870 F.Supp. at 559, and this Court declines to do so here.

As this Court stated in its Opinion and Order regarding Carey's request for subpoenas, "[a] union is entitled to carry out disciplinary proceedings under its own constitution where, as here, the charged party receives notice specific enough to describe the offense, the right to present evidence and witnesses, and the opportunity to cross-examine any live witnesses." *See* 29 U.S.C. § 411(a)(5). Although Hamilton is not permitted to subpoena witnesses, he is entitled to present evidence to rebut the charges against him and present witnesses on his behalf. He is also entitled to cross-examine any live witness called at the hearing. He is free to rebut the statements of Nash and Davis in countless ways, including by his own testimony; by introducing testimony or hearsay statements from cooperative third parties; by introducing any inconsistent statements of the declarants themselves; and by introducing other documentary or physical evidence to support his assertion that the testimony of Nash and Davis is unreliable.

Applying this standard, it is evident that Hamilton will not be deprived of a full and fair hearing even though he is not being granted the authority to subpoena witnesses or obtain documents.[2] Accordingly, Hamilton's application is Hereby Denied.

SO ORDERED.

---

**2.** Furthermore, Carey's argument that he should be entitled to subpoena witnesses is contrary to the well-established notion that reliable hearsay is admissible in a disciplinary hearing under the Consent Decree, and may alone provide the basis for disciplinary action. *See United States v. IBT*, 19 F.3d 816 (2d Cir.), *cert. denied*, 513 U.S. 873, 115 S.Ct. 199, 130 L.Ed.2d 130 (1994). Indeed, this Court has noted that the use of hearsay evidence at an IRB hearing "does not implicate [the charged member's] right to confront the witnesses against him." *Simpson*, 870 F.Supp. at 560 n. 4.