File Name:  05a0834n.06
Filed:  October 11, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 04-4342**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES EASTMAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CINCINNATI MUSICIANS ASSOCIATION, | ) | SOUTHERN DISTRICT OF OHIO |
| Local No. 1; CINCINNATI SYMPHONY | ) | |
| ORCHESTRA, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  KENNEDY, COOK, and GRIFFIN, Circuit Judges

COOK, Circuit Judge.  James Eastman appeals the district court's order granting the Cincinnati Symphony Orchestra's ("the CSO") motion for judgment on the pleadings and dismissing Eastman's claims that the CSO and the Cincinnati Musicians Association ("the Union") violated the Landrum-Griffin Act ("the Act"), 29 U.S.C. §§ 411, 412, 529, and conspired to violate the Act in violation of Ohio law.  Finding no error in the district court's conclusion that Eastman failed to allege a cause of action cognizable under the Act, we affirm.

I

The CSO discharged Eastman from his employment as a musician for "artistic incompetence." That firing triggered Eastman's right as a member of the Union to invoke the collective bargaining agreement's ("CBA") grievance procedure for obtaining a peer review of the employer's incompetence decision. According to the CBA, the purpose of the peer review is to determine "whether the charge should be sustained or not sustained." In Eastman's case, the reviewers sustained the employer's decision to discharge.

Eastman's complaint alleged that by denying him the opportunity to present rebuttal evidence during the peer review, the Union and the CSO violated his free speech and due process rights under the Act. The district court disagreed, granted the CSO judgment on the pleadings for failure to state a claim, and dismissed the claims against both the CSO and the Union. This appeal followed.

II

We first address Eastman's procedural argument that because the CSO attached a copy of the CBA to its motion for judgment on the pleadings, the court should have converted the motion to a motion for summary judgment. Federal Rule of Civil Procedure 12(c) requires a court to convert a motion for judgment on the pleadings to a motion for summary judgment where "matters outside the pleadings are presented to and not excluded by the court." And once a court converts a motion for judgment on the pleadings to a motion for summary judgment, the parties are entitled to further discovery under Rule 56(e). Eastman contends that the court erred by declining to convert

the motion and that it thereby prejudiced him by denying him the opportunity to conduct discovery to support his claims.

The district court correctly refused to convert the CSO's motion because the CBA was part of, rather than "outside," the pleadings. Documents attached to a Rule 12 motion "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Central to Eastman's claim is the contention that the Union deviated from the grievance procedure in the CBA. The amended complaint repeatedly refers to the CBA and specifically its grievance procedure. In addition, given our conclusion that Eastman's complaint does not set forth claims countenanced by the Act (see below), the attachment added nothing to the amended complaint's viability. We thus regard the district court's dismissal of Eastman's complaint under Rule 12(c) as free from procedural error.

III

Considering then the CSO's motion and the pleadings before it, the district court correctly dismissed Eastman's claims for failing to allege a violation of the Act. Eastman's complaint alleged two violations. First, Eastman contended that by preventing him from presenting rebuttal evidence during the peer review process the Union and the CSO violated his free speech and due process rights under § 411(a)(2), (a)(5). Section 411(a)(2) provides general rights of free speech and assembly and § 411(a)(5) prohibits a union from "fin[ing], suspend[ing], expel[ing], or otherwise disciplin[ing]" any of its members without providing various procedural protections. Second,

Eastman alleged the Union and the CSO retaliated against him in violation of § 529, which prohibits a union from "fin[ing], suspend[ing], expel[ing], or otherwise disciplin[ing]" any of its members for exercising their rights secured by the Act.

We note first that the §§ 411, 412, and 529 create causes of action by union members against their unions, but do not create causes of action by employees against their employers. *See Bauer v. RBX Indus., Inc.*, 368 F.3d 569, 586 (6th Cir. 2004) (holding that employers have no liability under section 411(a)(4)—prohibiting labor organizations from limiting members' rights to institute court actions—because the statute "does not authorize a cause of action against employers"); *Duncan v. Peninsula Shipbuilders Ass'n*, 394 F.2d 237, 239 (4th Cir. 1968) (finding it "abundantly clear that the Act does not give a cause of action against an employer"). The district court thus correctly found that Eastman's claims against the CSO were not cognizable under the Act.

Second, we find that the district court correctly dismissed Eastman's due process and retaliation claims against the Union because Eastman was not "disciplin[ed]" by the Union within the meaning of the Act. "Discipline" under the Act denotes "punishment authorized by the union as a collective entity to enforce its rules," *Breininger v. Sheet Metal Workers Int'l Assoc. Local Union No. 6*, 493 U.S. 67, 91 (1989), and a member is "disciplined" only "when the union takes action under color of the union's right to control the member's conduct in order to protect the interests of the union or its membership." *Webster v. United States*, 394 F.3d 436, 441 (6th Cir. 2005) (internal quotations omitted). Eastman essentially contends that his discharge *by the CSO* and the peer review component of the grievance process constituted union discipline. We disagree.

Neither Eastman's discharge nor the Union's participation in the grievance process amounted to discipline *by the Union*. The Union neither caused, instigated, nor authorized his discharge, and the discharge, initiated by the CSO based on its dissatisfaction with Eastman's performance, did not enforce Union rules. *See Konen v. Int'l Bhd. of Teamsters*, 255 F.3d 402, 409 (7th Cir. 2001) (finding no discipline where plaintiff failed to show "that the Union caused his termination"). Eastman remains a member of the Union in good standing. In the absence of some diminishment of Eastman's membership rights or union status, Eastman's peer review did not constitute discipline. *See id.* at 410 (finding no discipline because plaintiff"was never subjected to official Union discipline . . . and there is no evidence that his membership rights or status have been diminished in any way"). Rather than union discipline, the review proceedings represented an option available to discharged union members to challenge their termination. The vehicle for such challenges involved peer review. Eastman exercised that beneficial, negotiated option, as afforded him by his union membership.

Third, we find that the district court correctly dismissed Eastman's claim that by denying him the opportunity to present evidence during the peer review process, the Union violated his speech rights under § 411(a)(2). Section 411(a)(2) protects a union member's general "right to meet and assemble freely with other members; and to express any views, arguments, or opinions;" it does not purport to regulate grievance procedures, and Eastman fails to argue why it should. He points us to two cases discussing procedural protections under § 411(a)(5), not § 411(a)(2)—*Detroy v. American Guild of Am. Variety Artists*, 286 F.2d 75 (2d Cir. 1961) and *United States v. Int'l Bhd.*

*of Teamsters*, 992 F. Supp. 601 (S.D.N.Y. 1998)—and another concerning the rights of union members to participate in meetings in which strike negotiations are discussed—*Kuebler v. Cleveland Lithographers & Photoengravers Union Local 24-P*, 473 F.2d 359 (6th Cir. 1973). Since we regard the grievance process as a *benefit* to Eastman, rather than any restriction, in our view these cases do not advance Eastman's cause. Eastman quarrels with the limitations encompassed within the negotiated procedures, not the Union's restriction on membership rights.

Finally, because Eastman failed to establish an underlying violation of the Act, we find that his Ohio conspiracy claims were properly dismissed by the district court. *See Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998).

## IV

The district court properly granted the CSO's motion for judgment on the pleadings and properly dismissed Eastman's claims against the CSO and the Union. We accordingly affirm.